UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
JOSEPH GUGLIELMO, on behalf of himself and all others similarly situated,

        Plaintiff,

v.

ALLIED ELECTRONICS, INC.,

        Defendant.
------------------------------------------------------------------------X

Case No.: 1:20-cv-00020 (LJL)
(ECF Case)

**DECLARATION OF JOSHUA D. KIPP IN SUPPORT OF THE MOTION FOR THE ENTRY OF THE CONSENT ORDER**

**JOSHUA D. KIPP**, hereby states and affirms, under penalty of perjury, pursuant 28 U.S.C. § 1746, as follows:

1. I am counsel to Defendant Allied Electronics, Inc. ("Allied" or "Defendant"). I make this declaration in support of the joint Motion by Defendant Allied and Plaintiff Joseph Guglielmo ("Guglielmo" or "Plaintiff", and with Allied, collectively, the "Parties") for entry of the proposed Consent Order and Stipulation of Settlement in the above-action ("Action").

2. I have personal knowledge of the matters set forth herein based on the relevant business records of Defendant and my knowledge and familiarity with the resolution of this Action memorialized in the fully executed proposed Consent Order and Stipulation of Settlement.

3. On or about March 4, 2020, the Parties memorialized their agreement to resolve this Action by entry of the proposed Consent Order and Stipulation of Settlement. Copies of the fully executed proposed Consent Order and Stipulation of Settlement ("**Consent Order**"), as well as an unsigned text-searchable pdf. duplicate thereof, are attached hereto as **Exhibits 1 and 2**.

**A.**    **Introduction**

4. On January 3, 2020, Plaintiff filed this Action. *See* Dkt. #1. Plaintiff alleges that Defendant's website (the "Website") is not fully accessible to individuals with disabilities in

1

violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). *Id.*

5. Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, NYSHRL, and the NYCHRL, and it denies any other wrongdoing or liability whatsoever.

6. The proposed Consent Order resolves, settles, and compromises all issues between the Parties in this Action. *See* Ex.1.

7. This proposed Consent Order was entered into by Plaintiff, individually, but it is intended to inure to the benefit of vision impaired individuals who are members of the class alleged in the Complaint in this Action. *See* Ex. 1.

**B.    Jurisdiction**

8. Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. *See* Dkt. #1. Plaintiff contends that the Website is a service, privilege, or advantage of a place of public accommodation subject to Title III of the ADA, 42 U.S.C. § 12181(7); 12182(a). *See* Dkt. #1. Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA, NYSHRL, and/or NYCHRL.

9. This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree for purposes of the Action and this Consent Order venue is appropriate.

**C.    Agreed Resolution**

10. Plaintiff and Defendant have agreed that it is in the Parties' best interest to resolve this Action by virtue of this Court's entry of the attached proposed fully executed Consent Order,

without trial or further adjudication of any issues in this Action. *See* Ex. 1, Consent Order, ¶9.

**D.**     **General Terms of the Consent Order**

    11.    Pursuant to the terms of the Consent Order, at Paragraph 13, Defendant:

    a.    Shall not deny persons with a visual disability (as defined under the ADA), that is materially similar to Plaintiff's disability, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth therein, 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

    b.    Shall use Reasonable Efforts to provide persons with a disability (as referenced in Paragraph 13(a) of the attached proposed Consent Order), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth therein, 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

    c.    Shall use Reasonable Efforts to ensure that persons with a disability (as referenced in Paragraph 13 (a) of the attached proposed Consent Order), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth therein, 42 U.S.C. §12182(b)(2)(A)(iii); 28 C.F.R. § 36.303. *See* Ex. 1, Consent Order, ¶13(a)-(c).

    12.    Defendant will continue to ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website (including all pages therein), according to the timeline and requirements provided for in the attached proposed Consent Order. *See* Ex. 1, Consent Order, ¶14.

    13.    Defendant has already made modifications to the Website and already conducts accessibility analysis utilizing Google Chrome Lighthouse during the quality assurance audit of

its web pages. *See* Ex. 1, Consent Order, ¶14a.

14. During the 24 months following the Effective Date of the attached proposed Consent Order, Defendant will, to the extent necessary, continue to modify the Website as needed to substantially conform to the Web Content Accessibility Guidelines ("WCAG") 2.1 Level A Success Criteria to the extent determined to be applicable, or any other WCAG guidelines deemed applicable, in such a manner so that the Website will continue to be accessible to persons with vision disabilities, upon the terms set forth in the attached fully executed proposed Consent Order. *See* Ex. 1, Consent Order, ¶14a & ¶14a(i)-(x).

15. The Parties have acknowledged that Defendant's obligations under the proposed Consent Order do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or website(s) that Defendant does not own, operate, prepare or control but that are linked from the Website (including, but not limited to, any content/websites hosted by third parties and implemented on the Website); (ii) the provision of narrative description for videos; and/or (iii) conformance to standards not achievable due to specific design restrictions or concerns for the Website. *See* Ex. 1, Consent Order, ¶14b.[1]

16. The Parties further have agreed in the attached proposed Consent Order that if Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines, despite having used "Reasonable Efforts" to achieve substantial conformance as set forth in the proposed Consent Order, Defendant shall be deemed to have satisfied its obligations under this proposed Consent Order as set forth therein regarding remediation of the Website. *See* Ex. 1, Consent Order, ¶14c.

---

[1] The Parties also have agreed if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in its discretion, to cease the remediation efforts described in the proposed Consent Order. *See* Ex. 1, Consent Order, ¶14b.

17.     The Parties have agreed in the attached proposed Consent Order that it is expressly intended and agreed that the Consent Order shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to the proposed Consent Order; but it does not bind members of a putative class identified in the Complaint in that no class has been certified. *See* Ex. 1, ¶21.

18.     Pursuant to the terms of the proposed Consent Order, the Parties have agreed that the Parties or anyone seeking to enforce the Consent Order must exhaust the procedures set forth in Paragraphs 15 through 18 in the event of any disputes. In this regard and only after exhaustion of all requirements and procedures set forth in the Consent Order, a party may seek enforcement of compliance with this proposed Consent Order from the Court. *See* Ex. 1, ¶¶15-18.

19.     The interpretation and enforcement of the proposed Consent Order shall be governed by the laws of the State of New York. *See* Ex. 1, Consent Order, ¶19.

**E.     The Consent Order Is Appropriate and Authorized**

20.     The proposed Consent Order has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. *See* Ex. 1, Consent Order, ¶23. The proposed Consent Order was signed freely by each of the Parties executing it. *Id.*

21.     The proposed Consent Order resolves all issues and claims in this case presented by Plaintiff's Complaint under the ADA, NYSHRL, NYCHRL, any statute, at law, in equity, or otherwise. *See* Ex. 1, Consent Order, ¶¶ 1-5, 7, 9, 22-23 & p. 10.

22.     The terms of this proposed Consent Order were reached and agreed upon after over one month of arms-length negotiations between the Parties by their own respectively chosen counsel. *Id.*

23. Thus, the Parties agree that this proposed Consent Order: (i) is fair, adequate, reasonable and equitable; (ii) fully resolves the disputes between the Parties within this Court's subject-matter jurisdiction and within the scope of this case; (iii) furthers the objectives of the ADA, NYSHRL and NYCHRL; (iv) is not illegal and is not the product of collusion; and (v) does not violate the public interest. *See* Ex. 1.

24. After entry of this Consent Order, the Parties by their respective counsel will execute, and Plaintiff's counsel will present to this Court, a Stipulation and Order of Dismissal of this Action.

25. For all the reasons stated herein and in the accompanying Memorandum of Law in support, the Parties, jointly, respectfully request that this Court approve and direct the Clerk to enter the annexed proposed Consent Order and Stipulation of Settlement (Ex. 1) in this Action.

**WHEREFORE**, Defendant Allied Electronics, Inc. ("Allied") and Plaintiff Joseph Guglielmo ("Guglielmo", and with Allied, collectively, the "Parties") respectfully request that this Court issue an Order: (1) Approving and directing the Clerk of the Court to enter the attached proposed fully executed Consent Order and Stipulation of Settlement pursuant to 42 U.S.C. § 12212; and (2) Granting the Parties such other, further and different relief as this Court may deem just, proper and/or equitable.

Dated: March 16, 2020

    / s / Joshua D. Kipp
    JOSHUA D. KIPP