UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X   Case No.: 1:20-cv-00020 (LJL)
JOSEPH GUGLIELMO, on behalf of himself and all          :   (ECF Case)
others similarly situated,                                                           :
                                                          Plaintiff,                              :

                             v.                                                                :

ALLIED ELECTRONICS, INC.,                                          :

                                          Defendant.                           :
------------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES'
JOINT MOTION FOR ENTRY OF THE PROPOSED CONSENT ORDER**


FRENKEL LAMBERT WEISS
WEISMAN & GORDON, LLP
*Attorneys for Defendant Allied Electronics, Inc.*
One Whitehall Street, 20th Floor
New York, New York 10004
(212) 344-3100


Of Counsel:

Eric M. Eusanio, Esq.
*EEusanio@flwlaw.com*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…......................................................................................................iii

PRELIMINARY STATEMENT..................................................................................................1

STATEMENT OF FACTS............................................................................................................2

        A.      Introduction...........................................................................................................2

        B.      Jurisdiction............................................................................................................3

        C.      Agreed Resolution................................................................................................3

        D.      General Terms of the Consent Order....................................................................3

        E.      The Consent Order Is Appropriate and Authorized..............................................6

ARGUMENT.................................................................................................................................7

POINT I:      THE PARTIES' PROPOSED CONSENT ORDER AND STIPULATION OF SETTLEMENT SHOULD BE APPROVED AND ENTERED IN THIS ACTION, AS IT IS APPROPRIATE AND AUTHORIZED..................................7

CONCLUSION..............................................................................................................................8

# TABLE OF AUTHORITIES

**Pages**

**CASES**

*Burka v. NYCTA*,
   129 F.R.D. 80, 86 (S.D.N.Y. 1990)..................................................................................7

*EEOC v. Gollnick Constr., Inc.*,
   No. 19 Civ. 2581, 2019 WL 6327715 at *1 (D. Colo. Nov. 26, 2019).........................7

*Local 93 Int'l Ass'n of Firefighters v. City of Cleveland*,
   478 U.S. 501, 525, 106 S. Ct. 3063, 3077 (1986).........................................................7

**STATUTES & RULES**

28 U.S.C. § 1331..................................................................................................................3
42 U.S.C. § 12181(7)...........................................................................................................3
42 U.S.C. § 12182(a)...........................................................................................................3
42 U.S.C. § 12182(b)(1)(A)(i).............................................................................................4
42 U.S.C. § 12182(b)(2)(A)(ii)-(iii)....................................................................................4
42 U.S.C. § 12188................................................................................................................3
28 U.S.C. § 12212........................................................................................................2, 7-8

28 C.F.R. § 36.202(a)-(b)....................................................................................................4
28 C.F.R. § 36.303...............................................................................................................4

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the joint motion by Defendant Allied Electronics, Inc. ("Allied") and Plaintiff Joseph Guglielmo ("Guglielmo", and with Allied, collectively, the "Parties") for entry of the proposed Consent Order and Stipulation of Settlement in the above-captioned action ("Action").

On or about March 4, 2020, the Parties memorialized their agreement to resolve this Action by entry of the proposed Consent Order and Stipulation of Settlement ("Consent Order"). *See* Kipp Decl. ¶3 & Ex.[1] 1.

On or about January 3, 2020, Plaintiff filed this Action. *See* Dkt. #1. Plaintiff alleges that Defendant's website (the "Website") is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). *Id.*

Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, NYSHRL, and the NYCHRL, and it denies any other wrongdoing or liability whatsoever.

The proposed Consent Order resolves, settles, and compromises all issues between the Parties in the Action. *See* Ex. 1.

The proposed Consent Order was signed freely by each of the Parties executing it. The proposed Consent Order resolves all issues and claims in this case presented by Plaintiff's Complaint under the ADA, NYSHRL, NYCHRL, any statute, at law, in equity, or otherwise. The terms of this proposed Consent Order were reached and agreed upon after over one month of arms-length negotiations between the Parties by their own respectively chosen counsel.

---

[1] All references to "Ex." refer to the exhibits annexed to the accompanying Declaration of Joshua D. Kipp in support of this motion.

Thus, the Parties agree that this proposed Consent Order: (i) is fair, adequate, reasonable and equitable; (ii) fully resolves the disputes between the Parties within this Court's subject-matter jurisdiction and within the scope of this case; (iii) furthers the objectives of the ADA, NYSHRL and NYCHRL; (iv) is not illegal and is not the product of collusion; and (v) does not violate the public interest.

Accordingly, for the reasons stated herein and in the accompanying Declaration of Joshua D. Kipp ("Kipp Decl."), the Parties respectfully request that this Court issue an Order approving and directing the Clerk to enter the accompanying proposed fully executed Consent Order and Stipulation of Settlement (Ex. 1) pursuant to 42 U.S.C. § 12212.

## STATEMENT OF FACTS

### A.    Introduction

On January 3, 2020, Plaintiff filed this Action. *See* Dkt. #1.  Plaintiff alleges that Defendant's website (the "Website") is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). *Id.*

Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, NYSHRL, and the NYCHRL, and it denies any other wrongdoing or liability whatsoever. *See* Kipp Decl. ¶5.

The proposed Consent Order resolves, settles, and compromises all issues between the Parties in the Action. *See* Kipp Decl. ¶6 & Ex. 1.  This proposed Consent Order was entered into by Plaintiff, individually, but it is intended to inure to the benefit of vision impaired individuals who are members of the class alleged in the Complaint in this Action. *See* Kipp Decl. ¶7 & Ex. 1.

**B.     Jurisdiction**

Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. *See* Dkt. #1.  Plaintiff contends that the Website is a service, privilege, or advantage of a place of public accommodation subject to Title III of the ADA, 42 U.S.C. § 12181(7); 12182(a). *See* Dkt. #1.  Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA, NYSHRL, and/or NYCHRL. *See* Kipp Decl. ¶8.

This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188.  The Parties agree for purposes of the Action and this Consent Order venue is appropriate. *Id.*, ¶9.

**C.     Agreed Resolution**

On or about March 4, 2020, the Parties memorialized their agreement to resolve this Action by entry of the proposed Consent Order and Stipulation of Settlement.  Copies of the fully executed proposed Consent Order and Stipulation of Settlement ("**Consent Order**"), as well as an unsigned text-searchable pdf. duplicate thereof, are attached to the Kipp Decl. as **Exhibits 1 and 2** thereto.

Plaintiff and Defendant have agreed that it is in the Parties' best interest to resolve this Action by virtue of this Court's entry of the attached proposed fully executed Consent Order, without trial or further adjudication of any issues in this Action. *See* Kipp Decl. ¶10 & Ex. 1, ¶9.

**D.     General Terms of the Consent Order**

Pursuant to the terms of the Consent Order, at Paragraph 13, Defendant:

a.      Shall not deny persons with a visual disability (as defined under the ADA), that is materially similar to Plaintiff's disability, the opportunity to participate in and

benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth therein, 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

      b.    Shall use Reasonable Efforts to provide persons with a disability (as referenced in Paragraph 13(a) of the attached proposed Consent Order), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth therein, 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

      c.    Shall use Reasonable Efforts to ensure that persons with a disability (as referenced in Paragraph 13 (a) of the attached proposed Consent Order), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth therein, 42 U.S.C. §12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

*See* Kipp Decl. ¶¶11 & Ex. 1, Consent Order, ¶13(a)-(c).

Defendant will continue to ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website (including all pages therein), according to the timeline and requirements provided for in the attached proposed Consent Order. *See* Kipp Decl. ¶12 & Ex. 1, ¶14. Defendant has already made modifications to the Website and already conducts accessibility analysis utilizing Google Chrome Lighthouse during the quality assurance audit of its web pages. *See* Kipp Decl. ¶13 & Ex. 1, ¶14a.

During the 24 months following the Effective Date of the attached proposed Consent Order, Defendant will, to the extent necessary, continue to modify the Website as needed to substantially conform to the Web Content Accessibility Guidelines ("WCAG") 2.1 Level A Success Criteria to the extent determined to be applicable, or any other WCAG guidelines deemed

applicable, in such a manner so that the Website will continue to be accessible to persons with vision disabilities, upon the terms set forth in the attached fully executed proposed Consent Order. *See* Kipp Decl. ¶14; Ex. 1, ¶14a & ¶14a(i)-(x).

The Parties have acknowledged that Defendant's obligations under the proposed Consent Order do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or website(s) that Defendant does not own, operate, prepare or control but that are linked from the Website (including, but not limited to, any content/websites hosted by third parties and implemented on the Website); (ii) the provision of narrative description for videos; and/or (iii) conformance to standards not achievable due to specific design restrictions or concerns for the Website. *See* Kipp Decl. ¶15 & Ex. 1, ¶14b.[2]

The Parties further have agreed in the attached proposed Consent Order that if Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines, despite having used "Reasonable Efforts" to achieve substantial conformance as set forth in the proposed Consent Order, Defendant shall be deemed to have satisfied its obligations under this proposed Consent Order as set forth therein regarding remediation of the Website. *See* Kipp Decl. ¶16 & Ex. 1, ¶14c.

The Parties have agreed in the attached proposed Consent Order that it is expressly intended and agreed that the Consent Order shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to the proposed Consent Order; but it does not bind members of a putative class identified in the Complaint in that no class has been certified. *See* Kipp Decl. ¶17 & Ex. 1, ¶21.

---

[2] The Parties also have agreed if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in its discretion, to cease the remediation efforts described in the proposed Consent Order. *See* Ex. 1, ¶14b.

5

Pursuant to the terms of the proposed Consent Order, the Parties have agreed that the Parties or anyone seeking to enforce the Consent Order must exhaust the procedures set forth in Paragraphs 15 through 18 in the event of any disputes. In this regard and only after exhaustion of all requirements and procedures set forth in the Consent Order, a party may seek enforcement of compliance with this proposed Consent Order from this Court. *See* Kipp Decl. ¶18 & Ex. 1, ¶¶15-18. The interpretation and enforcement of the proposed Consent Order will be governed by the laws of the State of New York. *See* Kipp Decl. ¶19 & Ex. 1, ¶19.

### E. The Consent Order Is Appropriate and Authorized

The proposed Consent Order has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. *See* Kipp Decl. ¶20 & Ex. 1, ¶23. The proposed Consent Order was signed freely by each of the Parties executing it. *Id.*

The proposed Consent Order resolves all issues and claims in this case presented by Plaintiff's Complaint under the ADA, NYSHRL, NYCHRL, any statute, at law, in equity, or otherwise. *See* Kipp Decl. ¶21 & Ex. 1, ¶¶ 1-5, 7, 9, 22-23 & p. 10.

The terms of this proposed Consent Order were reached and agreed upon after over one month of arms-length negotiations between the Parties by their own respectively chosen counsel. *See* Kipp Decl. ¶22 & Ex. 1 at p. 10.

Thus, the Parties agree that this proposed Consent Order: (i) is fair, adequate, reasonable and equitable; (ii) fully resolves the disputes between the Parties within this Court's subject-matter jurisdiction and within the scope of this case; (iii) furthers the objectives of the ADA, NYSHRL and NYCHRL; (iv) is not illegal and is not the product of collusion; and (v) does not violate the public interest. *See* Kipp Decl. ¶23 & Ex. 1.

After entry of this Consent Order, the Parties by their respective counsel will execute, and Plaintiff's counsel will present to this Court, a Stipulation and Order of Dismissal of this Action. *See* Kipp Decl. ¶24.

Accordingly, the Parties, jointly, respectfully request that this Court approve and direct the Clerk to enter the proposed Consent Order and Stipulation of Settlement (Ex. 1) in this Action.

## ARGUMENT

### POINT I

**THE PARTIES' PROPOSED CONSENT ORDER AND STIPULATION OF SETTLEMENT SHOULD BE APPROVED AND ENTERED IN THIS ACTION, AS IT IS APPROPRIATE AND AUTHORIZED**

Pursuant to 42 U.S.C. § 12212, the ADA provides in pertinent part that:

> "Where appropriate and to the extent authorized by law, the use of ... settlement negotiations ... is encouraged to resolve disputes arising under this chapter."

*See id.*

As this Court has held, a consent order or decree is valid or authorized where, as here, the "agreement resolves a dispute within the court's subject matter jurisdiction, 'comes within the general scope' of the case and furthers the objectives of the law." *Burka v. NYCTA*, 129 F.R.D. 80, 86 (S.D.N.Y. 1990); *see Local 93 Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525, 106 S. Ct. 3063, 3077 (1986) (same); *EEOC v. Gollnick Constr., Inc.*, No. 19 Civ. 2581, 2019 WL 6327715 at *1 (D. Colo. Nov. 26, 2019) (same; ADA case).

Here, the Parties' proposed fully executed Consent Order and Stipulation of Settlement is appropriate and should be entered, as: (1) both parties are represented by counsel; (2) the terms of the proposed Consent Order were reached and agreed upon after over one month of arms-length negotiations between the Parties by their own respectively chosen counsel; (3) it fully resolves the

7

disputes between the Parties within this Court's subject-matter jurisdiction and within the scope of this case; (4) it furthers the objectives of the ADA, NYSHRL and NYCHRL; and (5) it is consistent with the public interest and it is not illegal and is not the product of collusion. *See* Kipp Decl. & Ex. 1.

Accordingly, for all the reasons stated herein and in the accompanying Kipp Declaration, it is respectfully submitted that the Parties' proposed Consent Order and Stipulation of Settlement (Kipp Decl., Ex. 1) should be approved and entered in this Action.

## CONCLUSION

For all the foregoing reasons, Defendant Allied Electronics, Inc. ("Allied") and Plaintiff Joseph Guglielmo ("Guglielmo", and with Allied, collectively, the "Parties") respectfully request that this Court issue an Order: (1) Approving and directing the Clerk of the Court to enter the proposed fully executed Consent Order and Stipulation of Settlement pursuant to 42 U.S.C. § 12212; and (2) Granting the Parties such other, further and different relief as this Court may deem just, proper and/or equitable.

Dated: New York, New York  
       March 16, 2020

Respectfully submitted,

FRENKEL LAMBERT WEISS  
WEISMAN & GORDON, LLP  
*Attorneys for Defendant Allied Electronics, Inc.*

By:   / s / Eric M. Eusanio, Esq.  
       ERIC M. EUSANIO  
       One Whitehall Street, 20th Floor  
       New York, New York 10004  
       (212) 344-3100  
       EEusanio@flwlaw.com